NOT DESIGNATED FOR PUBLICATION

No. 115,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOL SKINNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed September 2, 2016.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Barry K. Disney*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*:  Nicol Skinner appeals her conviction for criminal threat arguing the
district court erred when it gave a jury instruction that did not identify the culpable
mental state required for each element of the offense. Finding Skinner invited the error
she complains of on appeal, we affirm.

Skinner was late dropping off her daughter, R.S., for the school bus. She followed
the bus and R.S. got on the bus when it stopped at a stop sign. After R.S. was on the bus,
the bus driver, Bonnie Haines-Kidder, told the front of the bus "they needed to quit acting

1

like the monkey section." R.S., who is African-American and was sitting toward the front of the bus, began crying and cursing. She called her mom and told her Haines-Kidder had called her "a monkey nigger."

R.S. wanted off the bus, so Haines-Kidder opened the door. Skinner got on the bus, without permission, and got within about a foot of Haines-Kidder. Skinner yelled at Haines-Kidder and kept pounding her fist into her other hand. She told Haines-Kidder she would "drag your fat, chunky ass off this bus and fuck you up."

Following her confrontation with Haines-Kidder, Skinner was charged with criminal threat and criminal trespass. At trial, video of the confrontation was played to the jury. Haines-Kidder testified she felt belittled and feared she would be hit in the head or punched. On cross-examination, Haines-Kidder admitted she had been fired for making the comment she made.

Skinner testified she never heard Haines-Kidder tell her she did not have permission to be on the bus. Skinner said the things she said because she was angry and upset. She testified she beat her fist into her hand because that was just the way she talked.

At the instruction conference, jury instruction No. 6, the criminal threat instruction, initially read:

> "Instruction No. 6: The defendant is charged with criminal threat. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved. Number 1. That the defendant threatened to commit violence and communicated the threat with the intent to place Bonnie Haines-Kidder in fear. Number 2. That this act occurred on or about the 11th day of September, 2014, in Riley County, Kansas."

2

However, the State requested the definitions of the required culpable mental states be given at the same time as the elements instruction. It asked the definition of knowingly be provided at the end of the criminal trespass instruction. The State did not believe the definition of intentionally was necessary but indicated it would not object to the definition's inclusion following the criminal threat instruction. Skinner's counsel agreed with the State's request. The district court replied, "So Instruction No. 6 will read as printed with the addition at the bottom:  A defendant acts intentionally when it is the defendant's desire or conscious objective to cause the result complained about by the State. Correct?" Skinner's counsel responded affirmatively.

In closing argument, Skinner's counsel argued Skinner was angry but "had no intention of terrorizing or threatening the bus driver." The jury found Skinner guilty of criminal threat and not guilty of criminal trespass. Skinner timely appealed.

On appeal, Skinner argues the district court erred because the jury was not asked to find all of the elements of criminal threat since it did not have to find a culpable mental state in addition to the necessary specific intent. The State argues the district court's instruction was taken verbatim from PIK Crim. 4th 54.370 and 52.300. It also argues "it would be impossible for someone to *unknowingly* communicate a threat to commit violence but do so with the intent to put someone in fear."

The standard of review when addressing challenges to jury instructions is based upon the following analysis:

> "'(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the

3

appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).'" *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015) (quoting *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 [2012]).

However, a litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Under the invited error doctrine, a defendant cannot challenge an instruction on appeal, even a claim of a clearly erroneous instruction under K.S.A. 2015 Supp. 22-3414(3), when there has been an on-the-record agreement to the wording of the instruction at trial. *State v. Peppers*, 294 Kan. 377, 393, 276 P.3d 148 (2012). Here, Skinner's counsel agreed, on the record, to the wording of the instruction at the jury instruction conference. The district court gave the jury instruction Skinner agreed to. On appeal, Skinner may not claim a jury instruction error because she invited the error.

Furthermore, Skinner's argument fails on its merits. K.S.A. 2015 Supp. 21-5202(g) states:

"If the definition of a crime prescribes a culpable mental state with regard to a particular element or elements of that crime, the prescribed culpable mental state shall be required only as to specified element or elements, and a culpable mental state shall not be required as to any other element of the crime unless otherwise provided."

The definition of criminal threat prescribes a culpable mental state; it is a threat to commit violence communicated "with intent to place another in fear." K.S.A. 2015 Supp. 21-5415(a)(1). Since the statute prescribes a culpable mental state for an element of criminal threat, pursuant to the plain language of K.S.A. 2015 Supp. 21-5202(g), no culpable mental state is required for any other element.

Affirmed.